Walter Gilliam and Virginia A. Gilliam v. Commissioner.
Gilliam v. Commissioner
Docket No. 124-69 SC.
United States Tax Court
T.C. Memo 1969-188; 1969 Tax Ct. Memo LEXIS 108; 28 T.C.M. (CCH) 956; T.C.M. (RIA) 69188; September 17, 1969. Filed Peter B. Turney, Security Bldg., Baltimore, Md., for the petitioners. Charles L. Dunlap, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $564.00 in petitioners' federal income tax liability for the year 1964 as the result of an increase in petitioners' taxable income for that year in the sum of $2,400 explained by him as follows: Explanation of Adjustments The deduction of $2,400 which you claimed on your return as exemptions for Walter III, Richard, Kristen and Kimberly for the taxable year 1964 is not allowed because it has not been established that you furnished more than half of their support during the taxable year as required by section 152 of the Internal Revenue Code. The only issue presented for our decision is whether respondent *109 erred in this determination. Findings of Fact The parties have stipulated the following facts: That the petitioners, Walter Gilliam and Virginia Gilliam, are residents of the state of Maryland and that Walter Gilliam presently resides in Baltimore, Maryland, and that Virginia A. Gilliam presently resides in McDonough, Maryland. That at the time their 1964 income tax return was filed, they both lived at 505 Baltimore Avenue, Ocean City, Maryland. That the 1964 income tax return of the petitioners was filed with the district director in Baltimore, Maryland. A copy of said return is attached hereto as Exhibit 1-A. That at the time the petition was filed in this proceeding, the petitioner-husband resided in Baltimore, Maryland, and the petitioner-wife resided in McDonough, Maryland. That the petitioners claimed all four of the petitioner-husband's children by a prior marriage as dependency exemptions. That the Commissioner disallowed this deduction in full. We incorporate herein by this reference the exhibit attached to the stipulation. Walter Gilliam was married in 1949 to V. Ruth Gilliam. They lived together until 1959, since when they have been separated. Walter *110 and Ruth had two sons and two daughters as a result of their marriage. Their names and their ages during the taxable year (1964), were: Walter, III, age 12; Richard, age 11; Kristen, age 8; and Kimberly, age 6. Walter and Ruth's marriage was terminated by divorce in 1963. A separation agreement between Walter and Ruth, which was incorporated into the divorce decree, provided that Ruth would have custody of all four children. Neither the separation agreement nor the divorce decree were introduced in evidence herein. During 1964, Ruth and the children lived at 7404 Gary Street, Springfield, Virginia, in a ranch type house purchased by petitioner and Ruth in 1955 for approximately $14,000. It contained a living room, dining area, kitchen, 3 small 957 bedrooms, one bath and a small utility room. The house at 7404 Gary Street was and still is jointly owned by Walter and Ruth. The separation agreement also provided that Walter was to pay $175 per month for the support of the four children. The agreement stated that the $175 was to be paid by first applying as much as necessary to meet the monthly mortgage payments on the house at 7404 Gary Street which totaled the sum of $1,200 for *111 the year 1964. The remaining amount (approximately $75 a month or $900 for the year) was then to be paid to Ruth for the children's support. In 1964 Walter made all of the payments required by the agreement. The net amount which Ruth received in 1964 under the agreement was approximately $75 per month. The separation agreement further provided that Walter was to pay any extraordinary medical and dental expenses for the children and that Ruth was to pay their routine medical and dental expenses. Both Walter and Ruth carried medical insurance covering all of the children. Walter carried Blue Cross and Blue Shield medical and hospital insurance which covered the four children. For this insurance he paid $158 more per annum than he would have paid if it had covered only himself. Walter paid an additional hospital bill of $47 in 1964 arising from hospital care in 1963 to his daughter, Kimberly, which was not covered by insurance. Ruth paid the sum of $230.59 in 1964 for medical insurance covering herself and all of her children. In addition she paid doctors, dentist and drug bills for the children in 1964 in the total sum of at least $175.00. In 1964 all four of the children spent approximately *112 six weeks with petitioners, from the middle of July until about the first of September, at a resort hotel and apartment house in Ocean City, Maryland, owned and operated by petitioner Virginia Gilliam. The children stayed in an apartment therein occupied by both petitioners. Walter took all of the children to the petitioners' residence in McDonough, Maryland for approximately 20 weekends during 1964. The children spent the Christmas holidays at petitioners' residence in 1964. In 1964 Ruth worked as a secretary. On her 1964 income tax return, Ruth reported gross income of $7,128. Ruth had no substantial savings, except amounts saved to make a down payment on a new car late in 1964. During 1964 Ruth's mother often lived with Ruth and the children at 7404 Gary Street during the week, but not on weekends. Ruth also employed a maid during part of the year at a cost of $353.00. Both Ruth's mother and the maid helped Ruth take care of the children. At the trial of this case Ruth testified on behalf of respondent. Ruth also claimed the four children as dependency exemptions on her 1964 income tax return. Respondent has allowed Ruth's claimed deductions in full. During the taxable year *113 the following expenditures were made for the support of the four children: For food
$2,050.00
For utilities
493.80
For music lessons
40.00
For school supplies, church con- tributions, for scout expenses and other educational miscel- lanies
265.00
For clothing
564.00
For child care
353.00
For medical expenses
510.00
For birthday and Christmas and Easter presents
556.00
For miscellaneous expenses 300.00
$5,131.80
During the taxable year Walter paid $416.00 on account of the children's food, $200.00 for clothing, $205.00 for medical expenses, $400.00 for presents, and $200.00 for miscellaneous expenses. These amounts were in addition to the $900.00 which he paid to Ruth. Those parts of the support items scheduled above which were not paid by Walter were paid by Ruth. In addition Ruth furnished transportation to the children at a cost not satisfactorily disclosed by the record. The fair rental value of that part of the lodging at 7404 Gary Street occupied by the children was contributed to their support equally by Walter and Ruth who were the joint owners of this property. Opinion KERN, Judge: The only issue for our decision is whether in *114 1964 petitioners furnished more than one-half of the cost of the support of the four children born to Walter Gilliam and Ruth Gilliam in accordance with the Code provisions set forth in the margin below. [1] The burden rests upon the 958 petitioners to overcome the respondent's determination that they did not do so. Aaron F. Vance, 36 T.C. 547, 549. *115 The evidence of support expenditures consisted of Walter's testimony, supplemented by a single receipt placed into evidence as an exhibit, and of Ruth's testimony which, although supplemented by photostatic copies of 53 cancelled checks and by photostatic copies of receipts for church contributions made on behalf of two of the children, did consist to some extent of her estimates of amounts she spent for the children's support. [2] We particularly point out the unfortunate fact that neither the separation agreement between Walter and Ruth nor the divorce decree has been introduced into the record of this case. We are not inclined to believe that the testimony of either Walter or Ruth was consciously *116 false; the testimony of both of them appeared to be candid although their memories of events taking place in the taxable year at issue, five years before the date of trial, may have been impaired by the passage of time. We did have a pleasant feeling at the trial of this case that both Walter and Ruth were conscientiously trying to do their duty as parents not only in furnishing material support but also in giving to the children affection and guidance. Our findings with regard to the support of the children and the amounts of the contributions thereto by each parent are in amounts which approximate the composite testimony of both. We have made no findings with regard to contributions claimed by Walter on account of lodging furnished to the children in his home at McDonough and in the apartment occupied by him at Ocean City in the summer, or with regard to travel expenses in connection with his visits with the children on weekends and at Christmas. As we have pointed out, the divorce decree is not in evidence. However, Walter testified that it awarded custody of the children to Ruth. Accordingly we must assume that their visits to him were pursuant to his rights of visitation. *117 Accordingly automobile or other travel expenses incident to these visits were incurred in the exercise of his visitation rights and were not allocable to the children's support. Since Ruth had the custody of the children, petitioner Walter was under no necessity to provide a home for them and any expenses on account of lodging furnished to the children either at his home in McDonough or at the apartment occupied by him as a home during the summer were expenses incurred by reason of his exercise of his rights of visitation and not contributions to their support. See Aaron F. Vance, supra at 550. Neither are petitioners entitled to consider the amount of the mortgage payments made with respect to the house at 7404 Gary Street as contributions to the support of the children. Since the house was owned by Walter and Ruth as joint tenants, each is considered to have furnished one-half of the fair rental value of the lodgings therein of the children regardless of who was making the mortgage payments. If we exclude from our consideration, as we must, the several items referred to above which cannot be considered as contributions to support, it is obvious that petitioners have *118 failed to prove that Walter contributed more than one-half of the support of his children during the taxable year. Accordingly, Decision will be entered for the respondent. 959 Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) ALLOWANCE OF DEDUCTIONS. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) ADDITIONAL EXEMPTION FOR DEPENDENTS. - (1) IN GENERAL. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * (3) CHILD DEFINED. - For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. SEC. 152. DEPENDENT DEFINED. (a) GENERAL DEFINITION. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either.↩
2. Petitioners have not attempted to show that they provided over one-half of the support of any of the children individually, rather than all four of the children collectively. Thus, except where there is clear evidence to the contrary, we have assumed that each child received an equal amount of support and that the petitioners contributed an equal amount toward each child's support. See Estela De La Garza, 46 T.C. 446 aff'd per curiam 378 F. 2d 32↩ (C.A. 5).